IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| JOSE ABEL ESTRADA-AMBRIZ, #65062-097 <br> Petitioner, <br><br> v. <br><br> K. DIXON, Warden, <br> Respondent. | § § § § § § § § § | 3:11-CV-2176-N (BK) |

**FINDINGS, CONCLUSIONS AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE**

Pursuant to the provisions of 28 U.S.C. § 636(b) and Special Order 3, this case was referred for findings, conclusions, and recommendation. For the reasons that follow, it is recommended that the habeas corpus petition be summarily dismissed without prejudice for failure to exhaust administrative remedies.

**I. BACKGROUND**

Petitioner, a federal prisoner incarcerated within the Federal Bureau of Prisons (BOP) at the Dalby Correctional Facility in Post, Texas, filed a *pro se* petition for writ of habeas corpus under 28 U.S.C. § 2241. He is presently serving a 37-month sentence for illegal reentry after deportation, imposed in June 2010, in the United States District Court for the Eastern District of California. (Doc. 2 at 2.) His habeas petition seeks pre-sentence credit for time spent in custody from the time of his arrest until the time he was sentenced. *Id.* at 2, 5. The Court did not direct Respondent to file answer, but issued a questionnaire to Petitioner inquiring about exhaustion of administrative remedies. Petitioner responded that he had not filed an administrative remedy

request. (Doc. 6, ans. 1)[1]

## II. DISCUSSION

A habeas corpus petition under 28 U.S.C. § 2241 is the proper method for raising a jail-time credit claim. *Braden v. 30th Judicial Cir. Ct. of Kentucky,* 410 U.S. 484, 494-95 (1973) (section 2241 habeas petition is proper avenue for challenging execution of a sentence); *United States v. Weathersby*, 958 F.2d 65, 66 (5th Cir. 1992) (construing motion for jail time credit as section 2241 habeas petition).

The Attorney General has the responsibility for imprisoning federal inmates, and such obligation is administratively carried out by the BOP. *United States v. Wilson,* 503 U.S. 329, 331 (1992). For offenses committed after November 1, 1987, federal sentence computation is governed by 18 U.S.C. § 3585. *Id.* at 332. Although section 3585 does not refer to the Attorney General, it is well established that federal prisoners must exhaust their administrative remedies before seeking judicial review. *Id.* at 335 (requiring prisoners to seek administrative review of time-credit computations under 28 C.F.R. §§ 542.10-542.16 before they can pursue judicial review of the computations); *United States v. Setser*, 607 F.3d 128, 133 (5th Cir. 2010) (quoting *United States v. Dowling*, 962 F.2d 390, 393 (5th Cir. 1992)) (recognizing that federal prisoners must exhaust their administrative remedies before seeking federal habeas relief), *cert. granted on other grounds*, 131 S. Ct. 2988 (2011).[2]

---

[1] Because Petitioner is incarcerated within the Lubbock Division of the United States District Court for the Northern District of Texas, the Court retains jurisdiction over his section 2241 habeas petition.

[2] The longstanding Fifth Circuit precedent also provides that a petitioner seeking habeas relief under section 2241 "'must first exhaust his administrative remedies through the Bureau of Prisons.'" *Rourke v. Thompson,* 11 F.3d 47, 49 (5th Cir. 1993) (quoting *United States v. Gabor,*

Here, Petitioner concedes that he has not exhausted his administrative remedies. (Doc. 6, ans. 1). Moreover, his pleadings neither allege nor imply futility of administrative remedies. *See Fuller v. Rich,* 11 F.3d 61, 62 (5th Cir. 1994) (*per curiam*) (exception to exhaustion requirement for federal habeas review applies only in extraordinary circumstances). Therefore, his habeas petition should be dismissed without prejudice for failure to exhaust administrative remedies. *See Brown v. Carswell*, No. 3:06-CV-1423-P, 2006 WL 2690020 (N.D. Tex. 2006) (dismissing without prejudice for failure to exhaust administrative remedies federal habeas petition that sought review of time credit computation decision).

### III.  RECOMMENDATION

For the foregoing reasons, it is recommended that the petition for writ of habeas corpus be **DISMISSED** without prejudice for failure to exhaust administrative remedies.

SIGNED October 20, 2011.

_____
RENÉE HARRIS TOLIVER
UNITED STATES MAGISTRATE JUDGE

---

905 F.2d 76, 78 n. 2 (5th Cir. 1990)).

**INSTRUCTIONS FOR SERVICE AND**
**NOTICE OF RIGHT TO APPEAL/OBJECT**

A copy of this report and recommendation will be served on all parties in the manner provided by law. Any party who objects to any part of this report and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's report and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Services Automobile Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

_____
RENÉE HARRIS TOLIVER
UNITED STATES MAGISTRATE JUDGE